L. J. PETERSON v. W. S. HERBER and Others.

December 27, 1898.

Nos 11,363—(125).

Garnishment—Insurance Premiums—Findings Sustained by Evidence.

*Held,* that the evidence justified the finding of facts, and the finding of facts justified the conclusions of law.

From an order of the district court for Hennepin county, Simpson, J., denying a motion for a new trial, the claimant, George Ackerson, appealed. Affirmed.

*John J. McHale*, for appellant.

*M. L. Fosseen*, for respondent.

BUCK, J.

On December 1, 1897, L. J. Peterson brought suit in justice court against W. S. Herber, the defendant, and obtained default judgment in the sum of $14.55 and costs. When this suit was brought, the plaintiff also instituted a garnishee proceeding in the same court against Charles E. Hedwall, as garnishee. Upon the garnishee's disclosure it appeared that a return premium of $45 had come into his hands as the local agent of the Svea Assurance Company.

At the request of the defendant, Herber, who was an insurance broker, the Svea Assurance Company, through its agent, Hedwall, issued a policy of insurance to the Hennepin County Barrel Company on payment of the premium of $45 by the defendant, Herber, the broker, who had received the money from his principal, the barrel company. Subsequently, this insurance company canceled the policy, which was surrendered by the barrel company through their broker, Herber, the return premium, $30.42, being returned by the insurance company to their agent, Hedwall, to be refunded to the barrel company.

The defendant, Herber, procured for the barrel company another policy for like amount in the Providence Insurance Company, and delivered it to the barrel company, with a statement of account, in which he charged the company with the premium on the second policy, and his brokerage fees, and credited them with the amount of the return premium on the first policy. The barrel company paid them the balance, and he receipted to it in full.

The garnishee, Hedwall, and the defendant, Herber, kept, for their own convenience, mutual accounts. Subsequently these accounts were stated and settled, at which time it was found that the garnishee was indebted to defendant, Herber, in the sum of $30.42, including the return premium on the canceled policy of the Svea Assurance Company, which Hedwall then promised to pay to Herber, and he agreed to accept the same in full payment of their account.

It does not appear whether the defendant, Herber, has ever paid over to the Providence Insurance Company the premium on its policy. Neither does it appear that it is making any claim therefor against the barrel company, and it has never paid this premium unless by the turn with the broker, Herber.

When Hedwall was garnished, the claimant, Ackerson, on motion of the garnishee, was cited to appear and maintain his right to the return premium. He appeared and filed a complaint, and upon trial the foregoing facts were disclosed, and judgment rendered against Hedwall, for the said sum of $30.42, and that Ackerson had no interest in the return premium.

On appeal to the district court substantially the same proceedings were had, and the same facts appeared, and the judgment of the justice was affirmed, and this is an appeal from an order denying claimant's motion for a new trial.

Counsel for Ackerson contends that the debt disclosed by Hedwall, garnishee, was not owing by him to Herber, but was owing the Svea Assurance Company; but the disclosure clearly showed an indebtedness due from Hedwall to Herber, and a promise on his part to pay it to Herber, and that there was no contractual relation between Hedwall and Ackerson's assignor, the Svea Assurance Company, by which any liability existed on the part of Hedwall to pay it to Ackerson in any capacity. His liability to Herber was direct, both upon the account stated, and his promise to pay it.

Order affirmed.